James P. LOGAN, Jr., Plaintiff–Appellant,

v.

THE ORIGINAL HONEY BAKED HAM COMPANY OF GEORGIA, INC., and Honeybaked Foods, Inc., (doing business as Honeybaked Ham Co.), Defendants–Appellees,

and

Mary J. Schmidt, as sole Trustee of the Harry J. Hoenselaar Revocable Trust (doing business as Honeybaked Ham Co.), Defendant.

No. 00–1389.

United States Court of Appeals, Federal Circuit.

Aug. 2, 2002.

Before LOURIE, GAJARSA and LINN, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

The Original Honey Baked Ham Company of Georgia, Inc. et al. (Honeybaked) respond to the court's order and move to dismiss James P. Logan, Jr.'s appeal as moot. Logan responds to the court's order and opposes the motion to dismiss. Honeybaked replies. Logan moves without opposition to substitute John A. Keller as principal counsel, replacing Timothy J. McNamara.

Logan filed a patent infringement suit against Honeybaked in 1997 alleging that Honeybaked infringed Logan's patents related to spirally sliced meat products. Logan later added claims for breach of contract or, in the alternative, rescission due to error or fraud, false advertising, and Louisiana unfair competition and deceptive trade practices law.

The district court bifurcated the patent and nonpatent claims and held a trial on the nonpatent claims. The jury awarded Logan damages in the trial on nonpatent claims. Thereafter, Logan dismissed his patent infringement claims. Judgment was entered on the jury verdict, but the district court subsequently granted Honeybaked's motion for judgment as a matter of law. Logan filed notices of appeal directed to both this court and the United States Court of Appeals for the Fifth Circuit.

Logan moved to dismiss his appeal in this court for lack of jurisdiction. Initially, a single judge denied Logan's motion. Later, we stayed proceedings pending disposition of the duplicative appeal at the Fifth Circuit. The Fifth Circuit recently determined that it had jurisdiction over the appeal and decided the merits of the appeal. *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447 (5th Cir. 2001).

Honeybaked moves to dismiss this appeal as moot. Honeybaked argues that, in light of the Fifth Circuit's decision, there is no controversy left to be resolved and this court cannot grant any effective relief. In response, Logan argues that we should determine our own jurisdiction and, if we determine that we have jurisdiction, we should review the merits of the case.

We decline to do so. In *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the United States Supreme Court determined that the law of the case doctrine applies to decisions of a coordinate court to which an appeal had been transferred. Although this case was not transferred, the principle applies. Thus, the Fifth Circuit's decision that it had jurisdiction is law of the case, and we are precluded from reconsidering the Fifth Circuit's decision unless "exceptional circumstances" exist. *See Christianson*, 486 U.S. 800, 816–18, 108 S.Ct. 2166, 100 L.Ed.2d 811; *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649, 657 (Fed.Cir.1985). Logan has not demonstrated exceptional circumstances that warrant reconsideration of the Fifth Circuit's decision.[*]

Accordingly,

IT IS ORDERED THAT:

(1) Honeybaked's motion to dismiss is granted.

(2) Each side shall bear its own costs.

---

[*] A single judge's order denying a motion to dismiss is not the law of the case. *See* Fed. R.App. P. 27(c) (only the court may dismiss or otherwise determine an appeal). *See Nilssen v. Motorola, Inc.*, 203 F.3d 782, 785 (Fed.Cir. 2000); *Thomson v. Merit Sys. Protection Bd.*, 772 F.2d 879 (Fed.Cir.1985).

(3) Logan's motion to substitute counsel is granted.