Martin A. THOMSON, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent,

and

Department of the Navy, Intervenor.

Appeal No. 84-1410.

United States Court of Appeals, Federal Circuit.

Sept. 11, 1985.

---

**880**

Theodore M. Lieverman, Philadelphia, Pa., argued for petitioner.

Calvin Morrow, Merit Systems Protection Bd., Washington, D.C., argued for respondent Merit Systems Protection Bd. With him on the brief were Evangeline W. Swift, Gen. Counsel and Mary L. Jennings, Gen. Counsel for Litigation.

John S. Groat, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for intervenor Dept. of the Navy. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen.

Before DAVIS, BENNETT and BISSELL, Circuit Judges.

DAVIS, Circuit Judge.

This is another case testing the refusal by the Merit Systems Protection Board (Board or MSPB) to award attorney fees to a federal employee who has prevailed be-

fore the Board on the adverse action charge against him.[1] Before us, the Board asks that we remand the fee matter for reconsideration, while the Navy (the employing agency) seeks affirmance of the denial of fees. The employee asks outright reversal and award of fees. We agree with the Board, vacate its fee decision and remand to the Board.

## I.

Petitioner Thomson, a ship's tank tester in the Philadelphia Navy Yard, was removed from his position for three times threatening his supervisors and for sleeping on duty. On his appeal to the MSPB, the presiding official determined, on conflicting evidence, that the Navy did not prove that Thomson had threatened the supervisors but found that he had slept on his job. That official therefore reversed the removal and imposed a penalty of five days' suspension (the maximum sanction for a first offense of sleeping on duty). The petitioner and the agency both sought review by the full Board. In an opinion and order, the MSPB declined any review. Review of the agency's petition was denied because Navy materials said to show petitioner had lied at the hearing (as to sleeping) were presented much too late and the presiding official's determinations of credibility (as to the alleged threats against the supervisors) should not be disturbed. Neither party sought review in this court of the Board's decision on the merits.

Thomson then applied to the Board for attorney fees under 5 U.S.C. § 7701(g)(1). The same presiding official held that petitioner was the prevailing party and that the requested attorney fees had been incurred, but denied those fees as not warranted in the interest of justice. The full MSPB declined review in a form order. After Thomson appealed the fee denial to this court, the MSPB moved to have the fee case remanded to it for further considera-

1. The MSPB docket number of the fee decision is PH07528110588ADD.

tion.[2] The Navy intervened and opposed remand; petitioner also opposed. This court's motions panel summarily denied remand. On the arguments before this merits panel the MSPB, both in brief and oral argument, has again asked for remand and the Navy has opposed (requesting affirmance). Petitioner continues to seek outright reversal and allowance of fees.

## II.

■ In her fee decision, the presiding official committed two cardinal legal errors in deciding that the interest-of-justice element of § 7701(g)(1) did not warrant award of any fees. First, she contented herself with determining, on the basis solely of the evidence before the Navy, that the Navy's initial action was not clearly without merit or wholly unfounded and that Thomson was not substantially innocent—even though petitioner also definitely placed his fee request on the assertion that he was substantially innocent of the threatening charges on the basis of the evidence adduced at the MSPB hearing and reflected in that decision. Our subsequent *Yorkshire* decision (not yet issued at the time of the presiding official's fee decision) has made it clear that category 2 of the MSPB fee scheme (announced in *Allen v. U.S. Postal Service,* 2 MSPB 582, 2 M.S.P.R. 420 (1980))—as distinguished from category 5—"refers to the result of the case in the Board, not to the evidence and information available prior to the hearing." 746 F.2d at 1457. The factors bearing on the reasonableness of the agency's action at the agency stage are "irrelevant under the category 2 standard of substantial innocence." *Id.* "When dealing with the 'substantially innocent' standard for award of attorney's fees, the question of the agency's original fault [or lack of fault] need

never arise." *Id.*[3] For that reason, the presiding official in the current case erred in resting her determination of substantial innocence (of the charge of threatening supervisors) wholly on the evidence before the agency and its action in considering removal.[4]

■ Second, the presiding official was wrong in laying down the *per se* rules "that cases decided primarily on the basis of credibility do not warrant fee awards," "and that the interests of justice are not served by a fee award in factually close cases." There is no warrant in the Civil Service Reform Act or its legislative history or this court's decisions for such dogmatic *per se* pronouncements. *Yorkshire* itself concerned judgments of credibility made by the presiding official who had heard the testimony. 746 F.2d 1459. There is simply no general rule against fee awards where the case turns on credibility. As for "factually close" cases, we do not say that the closeness of the evidence cannot ever be considered, as one factor, in determining whether the employee was *substantially* innocent of the charges. We hold, however, that all "factually close" cases do not automatically fall into the class in which fees are not available in the interest of justice.

## III.

Because of the presiding official's legal errors—each of which was significant in the determination of substantial innocence—we cannot merely affirm the Board's refusal to award fees. *Keely v. Merit Systems Protection Board,* 760 F.2d 246, 248 (Fed.Cir.1985). It is indisputable that the presiding official did not at all base her fee-rejection on the prior upholding of the minor charge of sleeping on duty—and the record does not require, or

---

**2.** That motion followed this court's decision in *Yorkshire v. Merit Systems Protection Board,* 746 F.2d 1454 (Fed.Cir.1984).

**3.** *Yorkshire* also expressly pointed out that, in that case, the presiding official who passed on the fee question erred because he "considered evidence accumulated prior to the [MSPB] hearing as support for his conclusion that petitioner

[Yorkshire] was not substantially innocent." 746 F.2d at 1458.

**4.** The Board's memorandum submitted to this panel expressly concedes that the presiding official's analysis of the "threatening" charges was contrary to *Yorkshire.*

permit, us to uphold the fee-denial at this time on that subordinate part of the case (though that part may well be considered, along with the other facts and circumstances, on the remand we order).

Nor can we simply reverse and order the allowance of fees. As we have held, Congress left great discretion in the award of fees to the MSPB. *Sterner v. Department of the Army,* 711 F.2d 1563, 1568–69 (Fed. Cir.1983). On the present record this is certainly not a case in which we can say that the Board was necessarily *compelled* to grant fees for the whole case while the case was in the MSPB. Petitioner urges bad faith on the part of the Navy, but there is as yet no such finding and, in view of the nature and content of the presiding official's findings in her original decision, we cannot ourselves say that bad faith must have existed (on the agency's part) or that this case is necessarily within category 5. Moreover, it may be—we do not hold or suggest, one way or the other—that in its discretion the Board could award fees only for the agency's petition for review by the full MSPB. *See Keely v. Merit Systems Protection Board, supra,* 760 F.2d at 249. There also are other factors and nuances which remain to be assessed and weighed. The short of it is that the Board should have the opportunity initially to determine whether full fees, no fees, or partial fees should be allowed in this case.

To that end, we vacate the Board's denial of fees and remand the case to the MSPB for its further evaluation, consistent with this opinion. The earlier denial by the motions panel of the MSPB's prior motion to remand does not bar us from taking this course. That order was the decision of a single judge, and did not at all explain the reasons for the denial. It may well be that the whole issue of remand was left to the full merits panel which would consider the case as a whole, after briefs (which had not all been filed at the time of the order) and oral argument.[5] Because (1) the prior denial of the remand motion was the order of a single judge, (2) that order gave no reason for its denial of the remand motion, and (3) the Board has continued to press the issue before us, we hold that that order is not binding on us as law of the case.[6]

VACATED AND REMANDED.

---

**5.** Fed.R.App.P. 27(c) states that a single judge "may not dismiss or otherwise determine an appeal or other proceeding." Rule 27(c) also provides that "the action of a single judge may be reviewed by the court."

**6.** We note, too, that the *Keely* decision, *supra,* was promulgated (April 30, 1985) after the denial of remand in this case on March 5, 1985.