**John M. VAN FOSSEN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 86–536.

United States Court of Appeals, Federal Circuit.

April 10, 1986.

---

**1.** Docket No. PH07528310109.

---

Peter B. Broida, of Passman & Broida, Washington, D.C., for petitioner.

David Kane, of Merit Systems Protection Bd., Washington, D.C., for respondent. With him on brief were Evangeline W. Swift, Gen. Counsel and Mary Jennings, Associate Gen. Counsel for Litigation.

Before MARKEY, Chief Judge, and DAVIS and BISSELL, Circuit Judges.

DAVIS, Circuit Judge.

Petitioner John M. Van Fossen appeals the refusal by the Merit Systems Protection Board (MSPB or Board), Docket No. PH075283A0109ADD, to award attorney fees incurred in his largely successful challenge of a removal action brought against him by his employer, the Department of Housing and Urban Development (HUD or agency). We reverse and remand.

I.

The facts concerning petitioner's discharge (involving his outside work) can be found in this court's opinion, *Van Fossen v. Department of Housing and Urban Development,* 748 F.2d 1579 (1984), vacating the final decision of the Board (sustaining Van Fossen's removal)[1] and remanding to the Board to consider mitigating factors in determining an appropriate penalty other than removal. On remand, the Board affirmed the initial decision but concluded that "in light of ... mitigating circumstances [discussed in this court's earlier opinion, *supra; see also infra*] we find that the maximum reasonable penalty is a thirty-day suspension."[2] Petitioner then filed a fee petition for an award of attorney fees under 5 U.S.C. § 7701(g)(1).[3] The offi-

**2.** Petitioner was reinstated on April 15, 1985, thirty-one months after his removal became effective.

**3.** 5 U.S.C. § 7701(g)(1) provides:

[T]he Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the

cial who presided over petitioner's removal action found that fees were incurred and ruled that Van Fossen was a prevailing party, but denied any award as not warranted in the interest of justice. The presiding official noted that neither this court nor the Board on remand held that Van Fossen had not violated the agency's standards of conduct. She therefore concluded that petitioner was not entitled to an award of fees in the interest of justice under any of the *Allen* guidelines.[4] Responding to petitioner's claim that he was entitled to fees because he was substantially innocent of the charges, the presiding official cited without explanation "the general rule that an award of attorney fees is not merited in the interest of justice when the [petitioner] is found to have committed some misconduct."

## II.

The dispositive question presented to us on this appeal is whether petitioner was substantially innocent of the charges and therefore entitled to an award of attorney fees in the interest of justice even though all the charges against him were sustained by the Board and not voided by this court.[5]

We have previously discussed the second *Allen* category and its "substantially innocent" criterion in *Sterner v. Department of the Navy*, 711 F.2d 1563, 1569–1571 (Fed.Cir.1983); *Sims v. Department of the Navy*, 711 F.2d 1578, 1581–83 (Fed.Cir. 1983); *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1456–59 (Fed. Cir.1984); *Thomson v. Merit Systems Protection Board*, 772 F.2d 879, 881–82 (Fed. Cir.1985); *Wise v. Merit Systems Protection Board*, 780 F.2d 997, 999–1001 (Fed.

Cir.1985); and *Boese v. Department of the Air Force*, 784 F.2d 388, 390–91 (Fed.Cir. 1986). Those cases make it clear that "substantial innocence" is an operative *Allen* guideline in and of itself. *See, e.g., Boese,* at 390–91. In *Yorkshire,* 746 F.2d at 1457, we noted, too, that the substantial innocence category serves a compensatory function, and is not punitive. This standard reflects Congressional awareness that the significant and often prohibitive expenses related to the defense of adverse actions discourage federal employees from challenging adverse agency action. Without the prospect of an award of attorney fees under the substantial innocence category, many employees would be forced to accept their removal without dispute since a successful challenge would leave them severely in debt, and possibly worse off than if they had not challenged their removal in the first place.

Of course, economic hardship by itself is insufficient to establish an award of fees in the interest of justice. *Sterner,* 711 F.2d at 1570. Rather, "the extent of a party's victory" and "the magnitude of the injustice done the employee" are controlling considerations. *Id.* at 1567–68. More specifically, "the qualification 'substantial' (in the criterion of 'substantial innocence') connotes innocence of the more important and greater part of the original charges." *Boese,* at 391.

Because a substantial innocence determination necessarily turns upon the result of the particular case, *Yorkshire,* 746 F.2d at 1457, we examine briefly the Board's decision on remand from this court. The Board stated that:

4. *See Allen v. United States Postal Service,* 2 MSPB 582, 593, 2 M.S.P.R. 420, 434 (1980).

5. The Board properly held that petitioner was a prevailing party. Van Fossen obtained a very significant part of the relief sought; the penalty imposed upon him was reduced from a removal to a thirty-day suspension. *See Sterner v. Department of the Army,* 711 F.2d 1563, 1566–68 (Fed.Cir.1983); *Boese v. Department of the Air Force,* 784 F.2d 388, 390 (Fed.Cir.1986).

agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

[petitioner] made a good faith effort to follow the regulations, there is no indication that the proper authority would have withheld permission, and [petitioner] reasonably relied on the authorization memorandum for more than four years. Further, there was no monetary loss to the government and no actual conflict of interest. [Petitioner] fully cooperated with the investigation, and on the demand of his supervisor, promptly terminated his outside work. Moreover, there is no evidence indicating that there was any public awareness of [petitioner's] outside activities or whether they were properly authorized. [Petitioner's] personnel file is unblemished, and with almost twenty years of federal service, [petitioner] had not taken one day of sick leave. In light of these mitigating circumstances, we find that the maximum reasonable penalty is a thirty-day suspension.

It is true that all three charges against petitioner were sustained. However, the lead charge (engaging in outside employment without authorization) was based on a purely technical violation of an agency regulation—petitioner received his authorizing memorandum from the wrong individual (the area manager) in the agency's hierarchy. In this connection, "[n]ot only did [Van Fossen's co-workers] apparently believe this was the appropriate procedure, the area manager himself testified that he believed he had the authority [and in turn acted upon that authority] to grant approval." *Van Fossen,* 748 F.2d at 1580–81. Moreover, the second charge of engaging in unauthorized outside activity was wholly dependent on the technical violation of receiving authorization from the incorrect official. And the third charge of not filing a report of his outside income was mentioned by the Board (in its opinion and order on remand) only in briefly summarizing the three charges. In sum, the Board itself did not on remand consider any of the charges, though sustained, as serious or significant.

The gravity and circumstances of the offenses sustained are important factors in determining whether and to what extent fees should be allowed. We must reject the Board's rigid and simplistic argument that because all the charges against petitioner were sustained, he cannot be considered substantially innocent for the purpose of awarding attorney fees under the interest of justice mandate. That mechanical position disregards the nature and weight of the particular offenses, and treats fleas as always the equivalent of elephants. That has not been this court's rule or understanding in fee cases. In *Sims,* 711 F.2d at 1582, a mitigation case in which we upheld a denial of fees, we indicated that the sustained charges "concerned indisputably improper conduct."[6] In *Boese,* at 391, in allowing fees, we distinguished between the major and primary charge on which the employee was vindicated and the minor and secondary charge which was upheld.

Indeed, the MSPB has itself taken account of the nature of the sustained charges and awarded fees in circumstances very similar to those present here. *See Filip v. Veterans Administration,* 22 M.S.P.R. 642, 644 (1984), in which the Board held that where "the only charge sustained involved an agency regulation which previously had not been enforced and which had in fact been violated by appellant's own supervisors," the employee was substantially innocent. In *Filip* the Board did not, as it did here, merely perform simple arith-

**6.** Footnote 1 of *Sims,* 711 F.2d at 1578, states: Petitioner's [original] removal [mitigated by the full Board] was for (1) fraudulently using a government purchase document to obtain an electrical switch box for his private use, and (2) misuse of government time by absenting himself from his work area during attempts to return the box. Sims apparently intended to take the switch box off the base but ultimately returned it before doing so.

In addition, we noted in *Sims* that the removal was mitigated to a 10-day suspension based upon the retroactive application of *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981), and that the agency neither knew nor should have known—in the year when the adverse action was initiated against Sims—either the substance of *Douglas* or "that it would be applied retroactively to [Sims'] case." *Sims,* 711 F.2d at 1582.

metic in determining whether the employee was substantially innocent; it properly examined the substance, nature, and weight of the sustained charge, finding there that the sustained charge was only for a "technical violation." The presiding official in this case wholly failed to make that type of evaluation. Nor did she give any weight at all—as she should have done—to the Board's remand decision and the contents of that opinion and order.

Because the charges sustained were technical and very minor, and because the original drastic penalty of removal was significantly mitigated to the minor penalty of a thirty-day suspension,[7] we hold that under *Allen* not only did petitioner prevail in this proceeding but he has also shown himself to be substantially innocent of the charges so as to be entitled to attorney fees. Those charges were all slight, and petitioner succeeded in cutting down the initial penalty of removal to a relatively short suspension. The Board will have to decide whether to allow full fees or to make some deduction for the fact that these minor and technical charges were sustained. *See Thomson,* 772 F.2d at 882; *Boese,* at 391. If any deduction at all is made, it should, of course, be small in view of our holding and discussion in this opinion.

## III.

We reverse the Board's decision denying fees as not warranted in the interest of justice and remand the case for a determination of an appropriate award in accordance with this opinion.[8]

REVERSED AND REMANDED.

BISSELL, Circuit Judge, concurring.

Although I am in wholehearted agreement with the majority's concerns expressed in footnote 8, I can only concur in the result reached by the majority because I would have reached that result under a different standard. The basic criteria for determining whether an award of attorney fees is warranted in the interest of justice are set forth in *Allen v. United States Postal Service,* 2 MSPB 582, 2 M.S.P.R. 420 (1980). After reviewing the legislative history of the Civil Service Reform Act, the *Allen* Board decided that the circumstances reflecting the interest of justice include:

2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;

. . . .

5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

*Allen,* 2 M.S.P.R. at 434–35 (footnotes omitted).

The majority awards fees to petitioner under the above "substantially innocent" standard; I would have awarded fees under the above "knew or should have known" standard.

I would hold that the term *merits* as contained in the above "knew or should have known" standard includes, not only the underlying factual basis of the action, but also adherence by the agency to the judicial principles upon which the action is founded. In other words, when the agency

7. As *Sterner* declared, "the extent of a party's victory is clearly relevant generally to the justice of his cause" as is "the magnitude of the injustice done the employee." 711 F.2d at 1567–68.

8. *Hopkins v. Merit Systems Protection Board,* 725 F.2d 1368, 1371–72 (Fed.Cir.1984), and *Peterson v. Department of Energy,* 737 F.2d 1021 (Fed.Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 960, 83 L.Ed.2d 966 (1985), mandate that, in fee cases, the MSPB be the respondent in this court even though the agency (here, HUD) which is not a party to this appeal is responsible for paying any award of attorney fees. It was suggested to us by petitioner's counsel that it is difficult, if not impossible, to enter into realistic settlement negotiations with the agency (on the issue of a fee award) while the MSPB remains the sole respondent in this court, and that the MSPB has other concerns which inhibit settlement. It may be that agencies should intervene in fee appeals to this court or that both the MSPB and the agency should be respondents in those appeals, or that the rule of *Hopkins-Peterson* should be changed.

takes an action against an employee in ignorance or disregard of governing judicial constructions and the petitioner challenges such action and prevails, the petitioner has prevailed on the merits. The question then becomes did the agency know or should it have known that it would not prevail on the merits of the challenged action at the time it took such action.

Here, the agency action challenged was the severity of the penalty levied for petitioner's misconduct. The facts underlying the charges upon which the agency action of removal was predicated were not at issue in this case. Upon remand from this court, *Van Fossen v. Department of Housing and Urban Development*, 748 F.2d 1579 (Fed.Cir.1984), the Board considered the mitigating factors which the agency ignored and determined an appropriate penalty to be a thirty-day suspension. Thereafter, in its addendum opinion on attorney fees, the Board's presiding official properly held that petitioner was a prevailing party as he obtained a very significant part of the relief sought—the penalty was reduced from removal to a thirty-day suspension—but then improperly held that since petitioner had violated the agency's standards of conduct, the petitioner was not eligible for an award in the interest of justice under any of the *Allen* guidelines.

The merits at issue in the case were not whether the petitioner had violated the agency's standard of conduct, but whether the agency's action in levying a penalty of removal for such misconduct was proper. The agency lost its case on the merits because it failed to meet its burden of proving that the selection of a penalty was based on consideration of the relevant factors. *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 301–08 (1981). Therefore, under the facts of this case, the agency should have known that it could not ignore its legal responsibilities under *Douglas* and have its action sustained in imposing a penalty as severe as removal. All the facts of this case and the judicial principles involved were known to the agency at the time of petitioner's removal.

I agree with the majority that "the significant and often prohibitive expenses related to the defense of adverse actions discourage federal employees from challenging adverse actions." To paraphrase the majority, without the prospect of an award of attorney fees, if the underlying facts upon which the charges are based are undisputed, many employees would be forced to accept an abusively or unreasonably harsh penalty without dispute since even a successful challenge would leave them severely in debt, and possibly worse off than if they had not challenged the penalty in the first place. It is this kind of impediment that 5 U.S.C. § 7701(g)(1) was designed to eliminate. *Sterner v. Department of the Army*, 711 F.2d 1563, 1570 (Fed.Cir.1983). As cited by the majority, "the extent of a party's victory" and "the magnitude of the injustice done the employee" are controlling considerations. *Id.* at 1567–68. Under these controlling considerations, a reduction in the penalty from removal to a thirty-day suspension in this case is a substantial victory and points up the magnitude of the injustice done to the petitioner by the agency's abuse of discretion in its failure to consider a significant mitigating factor of which it was fully aware at the time it took the action and under the principles of *Douglas* was obligated to consider.

This court in *Sims v. Department of the Navy*, 711 F.2d 1578 (Fed.Cir.1983), refused to apply the "knew or should have known" standard in a factual situation which, though similar, had one crucial distinguishing feature. In *Sims*, a mitigation of penalty case, this court held that the "knew or should have known" standard did not apply because "[w]e cannot say the agency knew or should have known in 1979, when the adverse action was initiated, the substance of a 1981 MSPB decision," *i.e.*, the *Douglas* decision. *Id.* at 1582. In this case, petitioner was removed in October 1982 after the agency was on notice of the *Douglas* decision. That decision placed the burden on the agency of proving that the "selection of a penalty was based on considera-

tion of the relevant factors." *Douglas*, 5 M.S.P.R. at 302.

This approach to the award of attorney fees in mitigation of penalty cases is more straightforward and easier of application than that of the majority, and it focuses on the true injustice in the case (not that the employee was charged with a minor violation of a valid regulation but that he was subjected to an unreasonably harsh penalty). In every adverse action case at the Board, the agency has the burden of proving that (1) the charged misconduct occurred; (2) the requisite nexus exists; and (3) the penalty was properly selected. *Douglas*, 5 M.S.P.R. at 307 ("the ultimate burden is upon the agency to persuade the Board of the appropriateness of the penalty imposed"). Each of these elements goes to the merits of the agency's case. If the agency fails to carry its burden on any element, it has failed to prevail on the merits of its case. In a factual situation where an employee admits that all the charged misconduct occurred, one strains to regard the employee as innocent of the charges. It seems much more in accord with a "sense of justice and fair play," *Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154 (Fed.Cir.1983), to simply recognize that the agency did not, and knew or should have known it would not, prevail on the merits.