837 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arlo J. TAYLOR, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3448.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1987.
 
 Before ARCHER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. CH075283A0199, denying Arlo J. Taylor's application for attorney fees is affirmed.
 
 OPINION
 
 2
 In Allen v. United States Postal Service, 2 M.S.P.R. 420 (1980), the Board, in analyzing the legislative history of 5 U.S.C. Sec. 7701(g)(1), provided a summary of illustrative "circumstances considered to reflect 'the interest of justice:' "
 
 
 3
 1. Where the agency engaged in a "prohibited personnel practice" (Sec. 7701(g)(1));
 
 
 4
 2. Where the agency's action was "clearly without merit" (Sec. 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;
 
 
 5
 3. Where the agency initiated the action against the employee in "bad faith," including:
 
 
 6
 a. Where the agency's action was brought to "harass" the employee;
 
 
 7
 b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";
 
 
 8
 4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;
 
 
 9
 5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.
 
 
 10
 Allen, 2 M.S.P.R. at 434, quoted in Sims v. Department of the Navy, 711 F.2d 1578, 1581 (Fed.Cir.1983). The presiding official carefully considered Taylor's motion for attorney fees in light of the five Allen factors and determined that an award was not warranted in the interest of justice. Taylor petitioned the Board for review and the Board correctly denied the petition because Taylor's assertions "constitute[d] mere reargument of issues already raised and properly resolved by the presiding official below. Weaver v. Department of the Navy, 2 M.S.P.R. 129, 133-34 (1980), aff'd, 669 F.2d 613 (9th Cir.1982)." However, the Board did reopen the case on its own motion to consider the relevance of Van Fossen v. Merit Systems Protection Board, 788 F.2d 748 (Fed.Cir.1986), which was issued after the decision by the presiding official. The Board determined that Van Fossen, which interprets the Allen substantial innocence factor, did not affect the determination that an award of attorney fees is not warranted in the interest of justice.
 
 
 11
 In this appeal, Taylor contends that he is "substantially innocent" as contemplated by the second Allen factor. But Van Fossen does not help him. In awarding attorney fees there, the court said that "the charges sustained were technical and very minor" and that the "original drastic penalty of removal was significantly mitigated to the minor penalty of a thirty-day suspension." 788 F.2d at 751. Moreover, the Board "did not on remand consider any of the charges, though sustained, as serious or significant." Id. at 750.
 
 
 12
 Our case is entirely different. As a distribution clerk for the United States Postal Service (Service), Taylor took four boxes of deliverable mail from the mailstream, opened them, and distributed the contents to other postal employees. He testified that he believed the boxes to be "no obvious value" mail which would be treated as waste. The Service's work procedure limited Taylor's role to transporting "no obvious value" mail to another section of the facility where this description would be reviewed. Furthermore, the Service's Domestic Mail Manual provides that this type of mail is the Service's property until removed from postal premises by authorized personnel. The Board correctly concluded that "[t]he fact that [Taylor] took the property which had a de minimis value is irrelevant in light of the special trust that was placed in him as a custodian of the property of postal customers." Accordingly, because Taylor committed an offense which goes to the heart of the Service's mission, this violation cannot be considered "technical and very minor."
 
 
 13
 Boese v. Department of the Air Force, 784 F.2d 388 (Fed.Cir.1986), also does not help Taylor. There, removal was reduced to a 90-day suspension. Concluding that the petitioner was "substantially innocent," the court awarded attorney fees. However, unlike our case, the employee there was vindicated on the "primary and major charges" but received the suspension for another charge, which was described as "very secondary and minor." Id. at 391.
 
 
 14
 Taylor also contends that the Service "knew or should have known that it would not prevail on the merits with regard to the penalty of removal." This is, of course, the fifth Allen factor but Taylor's argument is without merit. "To say that the agency did not succeed in removing petitioner is not to say that it did not 'prevail on the merits.' " Sims, 711 F.2d at 1582. Taylor breached the basic trust which is critical to the Service's ability to accomplish its mission. This was not a mere technical violation. As in Sims, "[t]here was never any question regarding the merits of the agency's case, the substance of which petitioner has admitted." Id. That the Board reduced Taylor's punishment to a 90-day suspension, which is a significant penalty, is not a basis for concluding that the Service "knew or should have known" the removal would not be sustained.
 
 
 15
 Accordingly, the Board's decision that it would not be in the interest of justice to award attorney fees was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).