# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROMMEL BOO,<br><br>                 Appellant,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND<br>   SECURITY,<br><br>               Agency. | DOCKET NUMBER<br>SF-0752-13-3302-A-1<br><br><br><br>DATE: October 29, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronald P. Ackerman</u>, Esquire, Culver City, California, for the appellant.

<u>Robin Evans Dropiewski</u>, Esquire, Southfield, Michigan, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the addendum initial decision, which awarded the appellant $53,010.00 in attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to adjust the award of attorney fees downward to $45,058.50, we AFFIRM the addendum initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

Background

¶2      The agency removed the appellant from employment with the Transportation Security Administration on two charges of misconduct: misrepresentation and undermining required security procedures. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 5 (2014). The assigned administrative judge sustained the appellant's removal; on petition for review, the Board vacated the initial decision in part, did not sustain the charge of misrepresentation, and mitigated the penalty to a 30-day suspension. *Id*., ¶¶ 1, 16.

¶3      The appellant thereafter filed a petition for attorney fees seeking $53,010.00, which represented almost 118 hours of attorney work at $450.00 an hour. Attorney Fees File (AFF), Tab 1. The administrative judge issued an addendum initial decision awarding the appellant the attorney fees requested finding that: the appellant was a prevailing party; he was substantially innocent

of the charges against him and thus entitled to an award of attorney fees in the interest of justice; and the fees sought were reasonable. AFF, Tab 9, Addendum Initial Decision (AID) at 3-6.

¶4 The agency has filed a petition for review arguing that the appellant is not entitled to an award of attorney fees in the interest of justice based on the nature of the Board's prior Opinion and Order reversing the appellant's removal and asserting that some of the fees awarded are excessive. Petition for Review (PFR) File, Tab 1 at 7-13, 17. The appellant has filed a response in opposition to the petition for review, and the agency has filed a reply. PFR File, Tabs 3-4.

Standard for awarding attorney fees under 5 U.S.C. § 7701(g)(1).

¶5 To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015). The agency has not challenged the appellant's prevailing party status or his having incurred attorney fees pursuant to an existing attorney-client relationship, and we accordingly limit our review of the addendum initial decision to whether an award of attorney fees is warranted in the interest of justice and whether such an award is reasonable. *See generally* PFR File, Tab 1; AID at 6.

¶6 An award of attorney fees may be warranted under section 7701(g)(1) in the interest of justice when: (1) the agency engaged in a prohibited personnel practice; (2) the agency action clearly was without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *See Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). An award of attorney fees need only be premised on one category of entitlement under *Allen*.

*See Payne v. U.S. Postal Service*, [79 M.S.P.R. 71](#), 72 n.* (1998). The administrative judge found that an award of attorney fees was warranted in this case because the appellant was substantially innocent of the charges brought against him. AID at 4-5. As discussed below, we agree with the administrative judge's findings, and we need not consider whether the appellant established an entitlement to an award of attorney fees under any of the other *Allen* categories. *See Payne*, 79 M.S.P.R. at 72 n.*.

The appellant is entitled to an award of attorney fees in the interest of justice.

¶7        In determining whether an employee has established an entitlement to an attorney fees award under the "substantially innocent" *Allen* category, the Board has found that "substantial innocence" equates to innocence of the primary or major charges or of the more important and greater part of the original charges. *McWilliams v. Department of the Treasury*, [51 M.S.P.R. 422](#), 428-29 (1991). In determining whether this criterion has been met, the Board focuses on the gravity and circumstances of the sustained charges, *id*. (citing *Van Fossen v. Merit Systems Protection Board*, [788 F.2d 748](#), 750-51 (Fed. Cir. 1986)), and this standard is based upon the result of the case before the Board, not upon the evidence and information available to the agency when it took the action, *Alexander v. Department of the Army*, [80 M.S.P.R. 350](#), ¶ 8 (1998).

¶8        We agree with the administrative judge that the appellant is substantially innocent of the charges brought against him and that the agency was unsuccessful in establishing the more important and greater part of its original charges that the appellant engaged in misrepresentation. AID at 4. As the Board previously explained, there was no evidence in the record that the appellant engaged in the charged conduct with the intent to defraud, deceive, or mislead the agency for his own personal gain, and we agree with the administrative judge that the agency premised its removal action primarily on the appellant's alleged

misrepresentation.[2]  *See Boo*, 122 M.S.P.R. 100, ¶¶ 8, 15; AID at 4.  Because the agency could not sustain the fundamental basis for its removal action, we agree that the appellant was substantially innocent of the charges against him and is entitled to an award of attorney fees in the interest of justice.[3]  *See Boese v. Department of the Air Force*, 784 F.2d 388, 391 (Fed. Cir. 1986).  Additionally, we find the caselaw cited by the administrative judge exceedingly persuasive on this point, and we agree that the Board's reversal of the appellant's removal and mitigation to a 30-day suspension does not preclude a finding that the appellant was substantially innocent of the greater part of the agency's charge of misconduct.  AID at 4 (citing *Van Fossen*, 788 F.2d at 750, and *Boese*, 784 F.2d at 391).

We exercise our equitable discretion and impose a 15 percent reduction in the lodestar calculation based on the appellant's limited success.

¶9        Having found that the appellant is eligible for an award of attorney fees as a prevailing party, and further entitled to an award of attorney fees under section 7701(g)(1) in the interests of justice, we turn to the reasonableness of the

---

[2] We reject the agency's argument that the Board modified the elements of proof needed to sustain a charge of misrepresentation and that it added a new element to such a charge.  *See, e.g.*, PFR File, Tab 1 at 13, Tab 4 at 5.  As we made clear in our prior decision, our reviewing court has held that a charge of misrepresentation requires a showing that the appellant intended to defraud, deceive or mislead the government for his own personal gain.  *See Boo*, 122 M.S.P.R. 100, ¶¶ 9-12.  We are bound by the precedential decisions of our reviewing court.  *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, No. 2014-3129, 2015 WL 1061870 (Fed. Cir. Mar. 12, 2015).  Insofar as the agency seeks to reargue the propriety of its adverse action, such efforts are misplaced in an addendum proceeding.  *See, e.g.*, *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1458 (Fed. Cir. 1984) (holding that "the decision on the fee motion is an addendum to the decision on the merits and not a reconsideration of the evidence in a new light").

[3] We also reject the agency's argument that the Board's prior Opinion and Order reversed the misrepresentation charge on a technical defect.  *See* PFR File, Tab 4 at 6.  The agency's charge of misrepresentation, rather, was not sustained because of a failure of proof on one of the required elements of that charge.  *See Boo*, 122 M.S.P.R. 100, ¶ 9; *Crouse v. Department of the Treasury*, 75 M.S.P.R. 57, 63 (1997) (finding that the agency must prove all essential elements of its charge).

attorney fees requested. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶¶ 7-8, 21-29 (2011) (finding that any adjustment to the reasonableness of an attorney fees petition must be made after determining that attorney fees are warranted in the interest of justice). Although we agree with the administrative judge that none of the appellant's counsel's expenses identified by the agency are excessive and should be disallowed, we nevertheless conclude that a downward adjustment of the lodestar calculation must be made to take into account the appellant's "partial or limited success" in the merits phase of his Board appeal. *See Driscoll*, 116 M.S.P.R. 662, ¶ 24. For the reasons that follow, we find that the appellant's partial success warrants a 15 percent reduction of the lodestar calculation. Accordingly, we modify the addendum initial decision and award the appellant $45,058.50 in attorney fees.

¶10    In *Driscoll*, the Board explained that where, as here, a party is entitled to an award of attorney fees, but did not succeed on every issue, the most important factor to be considered in assessing the reasonableness of a fee award under the lodestar calculation is the results that were obtained. *See Driscoll*, 116 M.S.P.R. 662, ¶ 21 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see also Ferebee v. Department of the Navy*, 33 M.S.P.R. 447, 450 (1987) (discussing that the lodestar calculation is the billing rate times the number of hours expended). Thus, where an appellant is entitled to an award of attorney fees, but does not succeed on every claim or issue, the case will fall into one of three distinct categories, each requiring a different approach for determining which fees are compensable. *Driscoll*, 116 M.S.P.R. 662, ¶ 25. The Board has found that in cases such as this one, where the employee achieved only limited success, the Board should consider whether the degree of success warrants an award based on

all hours reasonably spent on the litigation, and, if not, what adjustment is appropriate.[4]  *Id.*, ¶ 27.

¶11        Applying *Driscoll*, we find that the appellant obtained only partial or limited success in the merits phase of this appeal because only one of the two original charges was sustained, and the removal action was mitigated to a 30-day suspension, thus leaving the appellant with a disciplinary record.  *See Driscoll*, 116 M.S.P.R. 662, ¶ 28; *see also Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶¶ 3, 19 (2012) (adjusting the lodestar calculation in an individual right of action (IRA) appeal where an appellant only successfully challenged one of three personnel actions).[5]  Thus, because the appellant only obtained partial or limited success in the prior proceeding, the Board has the discretion to make an equitable adjustment to the lodestar calculation to account for the appellant's limited degree of success.[6]  *See Driscoll*, 116 M.S.P.R. 662, ¶ 24; *see also Guy*, 118 M.S.P.R. 45, ¶ 20.  Based on the nature of the relief

---

[4] The other categories identified in *Hensley* cover:  (1) when an employee fails to prevail on a claim that is distinct in all respects from his successful claim, in which case the hours spent on the unsuccessful claim should be excluded; and (2) when an employee raises several related arguments, all of which are not adopted, an employee should not have his fee award reduced provided he has secured substantial relief.  *See Driscoll*, 116 M.S.P.R. 662, ¶ 25 (quoting *Hensley*, 461 U.S. at 440).  These two categories are inapplicable to the facts of this case where one of the agency's charges was not sustained and the appellant's removal was mitigated to a 30-day suspension based on the remaining sustained charge.  *Id.*, ¶ 28 (finding that the appellant obtained partial relief by prevailing on one charge and having a removal mitigated to a demotion).

[5] Although an award of attorney fees in an IRA appeal is governed by a different statutory section than the instant fee petition, *see Auker v. Department of Defense*, 86 M.S.P.R. 468, ¶¶ 8-12 (2000) (comparing 5 U.S.C. § 1221(g) and 7701(g)), these provisions are similar in many respects, and the Board has found that the lodestar adjustment principles discussed above generally are applicable to most attorney fee petitions involving a prevailing party determination); *see Driscoll*, 116 M.S.P.R. 662, ¶ 10 n.3 (citing *Hensley*, 461 U.S. at 433 n.7).

[6] Alternatively, the Board could adjust the lodestar calculation by excluding specific hours that were expended on the unsuccessful claims.  *E.g.*, *Guy*, 118 M.S.P.R. 45, ¶ 20.  We exercise our equitable discretion under the facts and procedural history of this case and find that a global percentage reduction is more appropriate.

ultimately ordered by the Board—reinstatement to employment and the imposition of a 30-day suspension in lieu of removal—we find that the appellant was partially successful in his appeal but that a full award of attorney fees would be excessive and unreasonable. *See Driscoll*, 116 M.S.P.R. 662, ¶ 29. We find that a 15 percent reduction of the lodestar calculation is appropriate, and that such a reduction sufficiently accounts for the severity of the mitigated penalty, the existence of the appellant's consequential disciplinary history, and the fact that one of the agency's charges was sustained on petition for review. *Id*. We therefore find that a 15 percent global reduction of the lodestar calculation, or a reduction of $7,951.50, is warranted. The addendum initial decision awarding the appellant attorney fees is accordingly modified, and the appellant is awarded $45,058.50 in attorney fees.[7]

## ORDER

¶12        We ORDER the agency to pay the attorney of record $45,058.50 in fees. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

---

[7] The decision to equitably adjust the lodestar calculation based on the appellant's partial success is not inconsistent with a finding that the appellant is substantially innocent of the primary charges against him under the interest of justice standard. The Federal Circuit explained in *Sterner v. Department of the Army*, 711 F.2d 1563, 1567 (Fed. Cir. 1983) that an employee's eligibility for an attorney fees award as a prevailing party is the threshold issue the Board should consider in a petition for attorney fees and that his entitlement under the interest of justice standard in section 7701(g)(1) is a separate, subsequent consideration. *Id.* ("Eligibility [for an attorney fees award as a prevailing party] is broad, but the entitlement standard operates to limit it."). We similarly find that whether an employee was substantially innocent of the primary charges against him is separate from the question of whether he was successful on all, or only some, of the issues in the Board appeal for purposes of calculating the lodestar under *Hensley*. We see no reason to conclude that a finding that an employee is substantially innocent of the agency's primary charges under the interest of justice standard precludes the Board from adjusting the lodestar calculation downward to account for an employee's limited or partial success.

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The addendum initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.