**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOAQUIN CAPESTANY,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
DE-0752-21-0134-A-1

DATE: December 15, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey H. Jacobson</u>, Tucson, Arizona, for the appellant.

<u>Eric McNeilus</u>, Tucson, Arizona, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied his attorney fee petition. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the addendum initial decision, and award the requested fees in the amount of $81,830.00.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      On February 19, 2021, the agency removed the appellant on a charge of inability to perform the essential duties of his position due to a medical condition. *Capestany v. Department of Homeland Security*, MSPB Docket No. DE-0752-21-0134-I-1, Initial Appeal File (IAF), Tab 1.  The appellant filed a Board appeal on March 3, 2021.  *Id.*  Following a hearing, the administrative judge issued an initial decision finding that the agency failed to prove its charge.  IAF, Tab 41, Initial Decision (ID).  In reaching that finding, the administrative judge determined that the medical opinions of E.N., Psy.D., whose reports the appellant had provided the agency prior to its final decision, and I.L., M.D., whose reports were submitted for the first time on appeal, were due more weight than the opinion of B.M., M.D., which the agency had relied upon in taking the removal action.  ID at 26-29.  The initial decision became final on January 31, 2022, when neither party filed a petition for review.

¶3      On March 28, 2022, the appellant filed a petition for attorney fees. *Capestany v. Department of Homeland Security*, MSPB Docket No. DE-0752-21-0134-A-1, Attorney Fee File (AFF), Tab 1.  He claimed fees in the amount of $79,130.00 and argued that an award of fees was in the interest of justice under *Allen* categories (2) and (5).[2]  *Id.* at 6-10, 12.  The agency responded to the appellant's motion, and the appellant replied to the agency's response, amending his fee request to include an additional $2,250.00, for a total amount of $81,830.00.  AFF, Tabs 3-4.

¶4      On June 29, 2022, the administrative issued an initial decision denying the appellant's fee petition.  AFF, Tab 7, Addendum Initial Decision (AID).  The

[2] In *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980), the Board listed several examples of circumstances in which an attorney fee award would be warranted in the interest of justice:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits.

administrative judge determined that the only issue in dispute was whether an award of fees was in the interest of justice and that only *Allen* categories (2) and (5) were pertinent to that inquiry. AID at 2-3. With regard to *Allen* category (2), the administrative judge found that only the "clearly without merit" subcategory was applicable to removals based on medical inability to perform. AID at 4-7. He further found that the removal action was not "clearly without merit," because his decision to reverse the action was based primarily on the report and testimony of Dr. I.L., and "[a]t the time of [the appellant's] removal, the agency did not have the benefit of [Dr. I.L.'s] opinion." AID at 7-8. The administrative judge went on to find that an award of fees was not warranted under *Allen* category (5), because there was credible, probative evidence supporting the agency's charge at the time it took the action. AID at 9-10.

¶5     On review, the appellant argues that the administrative judge erred in his analysis of both *Allen* category (2) and category (5). Petition for Review (PFR) File, Tab 5. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 9-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). The agency has stipulated that an attorney-client relationship existed, that the appellant incurred fees, and that the appellant was the prevailing party. IAF, Tab 3 at 7. As to the amount of fees incurred, the administrative judge found that that the itemized charges and hours, as well as the hourly rate, were reasonable on their face, and the agency does not dispute that finding on review. AID at 3 n.2. Hence, the only issue in dispute is whether a fee award is

warranted in the interest of justice. The appellant contends that a fee award is warranted in the interest of justice under *Allen* category (2), which applies where the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charge; and category (5), which applies where the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980).

¶7        We find that a fee award is warranted under *Allen* category (2) because the appellant was "substantially innocent" of the charge on which the removal action was based. It is well settled that substantial innocence, in itself, is an adequate ground for the allowance of fees even in a close case where the charges may not have been "clearly without merit" or "wholly unfounded." *See Boese v. Department of the Air Force*, 784 F.2d 388, 391 (Fed. Cir. 1986); *see also Van Fossen v. Merit Systems Protection Board*, 788 F.2d 748, 749 (Fed. Cir. 1986) (stating that the court's cases "make it clear that 'substantial innocence' is an operative *Allen* guideline in and of itself"). Our precedent also makes clear that the substantial innocence standard is not limited to charges of misconduct. *See Social Security Administration v. Goodman*, 33 M.S.P.R. 325, 331 (1987) (awarding fees under the substantial innocence standard where the agency sought to remove an administrative judge for alleged low productivity and the Board did not uphold the charge); *Young v. Department of the Air Force*, 29 M.S.P.R. 589, 590-91 (1986) (awarding fees where the appellant was substantially innocent of the charge that she failed to meet the performance requirements for her position).

¶8        In the instant case, the administrative judge's ruling that the substantial innocence standard is inapplicable to a charge of medical inability to perform was based in large part on several Board decisions. AID at 4-6; (citing *Gollis v. Department of the Navy*, 54 M.S.P.R. 38 (1992), *overruled on other grounds*, 989 F.2d 1203 (Fed. Cir. 1993) (nonprecedential); *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361 (1987); and *Simmons v. Office of Personnel Management*, 31 M.S.P.R. 559 (1986)). However, *Kent* and *Simmons* were

disability retirement appeals in which there was no charge of any kind brought against the appellant. In *Gollis*, as here, the appellant was removed for medical inability to perform, but in *Gollis*, the agency's charge was sustained, and the removal was reversed only because the appellant subsequently recovered. Thus, the Board had no occasion in *Gollis* to decide whether the "substantially innocent" prong of *Allen* category (2) would apply to a case such as this one, where the agency failed to prove its charge.

¶9      Although we do not find fault with the agency's efforts to determine whether the appellant had a medical condition that prevented him from safely performing his law enforcement duties, Congress did not intend the substantially innocent standard to punish agency misconduct but "to minimize the burden an unsubstantiated accusation places upon innocent employees." *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1457 (Fed. Cir. 1984). Here, the agency could not sustain the fundamental basis for its removal action before the Board, and thus, we agree with the appellant that he was substantially innocent of the charge against him and is entitled to an award of attorney fees in the interest of justice.[3] *See Boese*, 784 F.2d at 391.

## ORDER

¶10     We ORDER the agency to pay the attorney of record $81,830.00 in fees. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶11     We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and

_____

[3] In light of this finding, it is unnecessary to determine whether a fee award would also be warranted under *Allen* category (5) or under the "clearly without merit" or "wholly unfounded" prongs of *Allen* category (2), nor is it necessary to address the appellant's remaining arguments on review. *See Yorkshire*, 746 F.2d at 1457.

the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶12 No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Jennifer Everling*
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.