**Harry L. BOESE, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

**Appeal No. 85–2327.**

United States Court of Appeals, Federal Circuit.

Feb. 19, 1986.

George M. McClarrinon of McClarrinon & Reese, Sacramento, Cal., argued for petitioner.

Stephen R. Bergenholz of Dept. of Justice, Washington, D.C. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and Richard W. Oehler, Atty.

Before DAVIS, Circuit Judge, MILLER, Senior Circuit Judge and NEWMAN, Circuit Judge.

DAVIS, Circuit Judge.

This appeal presents two issues: (1) did respondent agency comply with the prior decision of the Merit Systems Protection Board (MSPB or Board) that petitioner Boese should be reinstated in the job from which the agency had removed him, and (2) is petitioner entitled to attorney fees incurred in his defense before the MSPB. The Board, 26 MSPR 498, decided that there had been full compliance (MSPB Docket No. SF07528210286 COMP), and that Boese cannot recover attorney fees (MSPB Docket No. SF07528210286ADD). We affirm as to compliance but reverse and remand as to attorney fees.

### I.

Boese held a GS–10 position as Assistant Commissary Store Manager, at McClellan Air Force Base of the Department of the Air Force. In October 1981, he was removed on three charges: (1) he had deliberately falsified official Government documents, (2) he had withheld monies due the Government,[1] and (3) he had inflicted bodily harm and used abusive and offensive language against an outside salesman who was at the commissary. The first two charges related to an alleged theft of commissary monies by the commissary director aided by Mr. Boese. Both men were criminally charged with and tried for those defalcations; the commissary director was found guilty by the jury while Boese was acquitted. Before that acquittal, his employing agency charged petitioner with substantially the same offenses (as well as the assault on the salesman) and removed him from his position. He appealed to the MSPB and after the criminal trial the presiding official held a hearing (at which Boese testified) and decided that the first two charges (the defalcation charges) were not sustained but that the assault charge was upheld. On the basis of that last

---

1. For convenience, we lump the first two charges together as the defalcation charges.

charge, removal was affirmed. On Boese's petition for review, the full MSPB mitigated the penalty to a ninety (90) day suspension without pay.

Boese was then reinstated to his position with back pay. He complained that the agency had not fully complied with the MSPB order of reinstatement and petitioned for enforcement of that Board decision. An MSPB Regional Director received evidence on that matter and decided that the agency had fully complied. The full Board declined review of that decision.

Petitioner also sought attorney fees under 5 U.S.C. § 7701(g)(1). In his initial decision the presiding official held that Boese was the prevailing party but that attorney fees were not warranted in the interest of justice. The full Board declined review in the same order in which it refused review of the compliance decision.

Petitioner appeals as to both the compliance decision and the fee denial. We consider the former first, and then the latter.

## II.

After the MSPB ruling that Boese should be reinstated (subject to the 90–day suspension), the Air Force restored him to the same pay and grade. Because his former position as Assistant Commissary Manager had been abolished in the interim (as the result of a reorganization), he was first given a position in the Transportation Division and very shortly thereafter permanently reassigned as Assistant Commissary Manager, a position that the Air Force reestablished. He was thus restored to the same position (at GS–10) he previously held.

■ Petitioner claims, however, that he should have been reinstated at the higher grade of GS–12, on the supposition that he would have been promoted to that level if he had been allowed to remain on duty. The MSPB correctly rejected this contention. The Air Force's obligation was to place him as nearly as possible in the *status quo ante*. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed.

Cir.1984). Only if some provision of law mandates a promotion during the interim period, or perhaps if the employee could "clearly establish" that he would in fact have been promoted, would the agency be required to reinstate him at that higher level. *Power v. United States*, 597 F.2d 258, 261–62 (Ct.Cl.1979), *cert. denied*, 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980). In this instance there is no such mandatory requirement, nor did petitioner present any evidence showing very plainly that he would have been promoted to the level he now claims. His argument on such promotion is purely speculative, and based on flimsy possibilities unsupported by any hard facts or evidence. The MSPB's decisions on this score cannot be faulted.

## III.

■ We reach a different result on the matter of attorney fees. The gist of our position is that, in denying fees, the Board concentrated almost exclusively on the issue of whether the Air Force had sufficient cause to bring the original defalcation charges against petitioner, but the Board did not consider the independent fee-basis whether the employee was shown at the Board hearing to be "substantially innocent" of those charges. Because it is clear to us that Boese was found by the Board to be "substantially innocent" of those charges (which were by far the primary ground of the disciplinary proceeding against him) we hold that he is entitled to attorney fees incurred in defending against those charges.

First, the MSPB properly held that he was a "prevailing party" in that proceeding. The major defalcation charges against him were not upheld, and the minor assault charge (which was sustained) was mitigated from removal to a 90–day suspension. He thus obtained a very significant part of the relief he asked from the Board—and that is sufficient to show that he had prevailed for fee purposes. *Sterner v. Department of the Army*, 711 F.2d 1563, 1566–67 (Fed.Cir.1983).

There remains the statutory standard of "warranted in the interest of justice." This court has already held that the Board's *Allen* guidelines for applying that standard are reasonable and firmly based in the statute and legislative history (though those guidelines are not exhaustive or exclusive). *See, e.g., Sterner, supra,* 711 at 1569–71; *Sims v. Department of the Navy,* 711 F.2d 1578, 1581 (Fed.Cir. 1983); *Yorkshire v. Merit Systems Protection Board,* 746 F.2d 1454, 1456–57 (Fed. Cir.1984); *Jerris Wise v. Merit Systems Protection Board,* 780 F.2d 997, 999 (Fed. Cir.1985).

Category 5 of the *Allen* guidelines deals with the *agency's* reasons (or lack of reasons) for bringing the proceeding (*Yorkshire, supra,* 746 F.2d at 1457), and that is the only category the MSPB treated in its fee decisions in this case. But *Yorkshire* also makes clear that *Allen's* category 2[2] is separate from and independent of category 5, the former "refer[ing] to the result of the case in the Board, not to the evidence and information available prior to the [MSPB] hearing." 746 F.2d at 1457. *See also id.* at 1458. Here, the MSPB presiding official who decided the merits of the defalcation charges against Boese held that the agency had not proven those charges; he explicitly said he credited Boese's testimony in clearing him. It is true that the presiding official thought the case "close," and for that reason his decision may perhaps not show that the defalcation charges were *"clearly* without merit" or *"wholly* unfounded" (emphasis added), but the decision does show, at the least, that Boese was "substantially innocent" (*see* footnote 2, *supra*) of those charges.[3] There is no doubt that the decision was on the merits,

not based on some technical defect. And "substantial innocence," in itself, is an adequate ground for the allowance of fees. *See Yorkshire, supra,* 746 F.2d at 1457, 1458, 1459.[4] Moreover, as we have already pointed out, the defalcation charges were, by far, the primary and major charges in the removal proceeding; the assault charge was very secondary and minor, resulting only in a 90–day suspension. Insofar as the qualification "substantial" (in the criterion of "substantial innocence") connotes innocence of the more important and greater part of the original charges, that prerequisite is also fulfilled here.

### IV.

We therefore reverse the Board's denial of fees and remand the case for determination of the reasonable fees to be allowed. If it is practicable to segregate costs related only to the assault charge, they should be eliminated from the fees allowed. Boese is not entitled to fees on that charge—if those fees are calculable. If such a separation is not feasible or practical, or if the fees related solely to the assault matter are *de minimis,* fees can be allowed for the whole case, or in its discretion the Board can allow "that amount of fees that is reasonable in relation to the results obtained." *Cf. Hensley v. Eckerhart,* 461 U.S. 424, 434–37, 440, 103 S.Ct. 1933, 1940–41, 1943, 76 L.Ed.2d 40 (1983).

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

**2.** Category 2 states that fees are appropriate "Where the agency's action was 'clearly without merit' (§ 7701(g)(1), or was 'wholly unfounded,' or the employee is 'substantially innocent' of the charges brought by the agency."

**3.** We have already held that there is no automatic rule against allowance of fees in "factually close" cases (*Thomson v. Merit Systems Protection Board,* 772 F.2d 879, 881 (Fed.Cir.1985)), and there is no reason to even consider that

factor in this case where the presiding official believed Boese's testimony.

**4.** The informal remark about Boese (by the judge at the criminal trial) at the time of the criminal sentencing of the commissary manager cannot be used to detract from the MSPB findings and decision. "Substantial innocence" is to be determined on the Board's own record, not according to some other person's views grounded on a different record.