838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louis BROWN, Petitioner,
v.
DEPARTMENT OF JUSTICE, UNITED STATES MARSHALS SERVICE, Respondent.
 No. 87-3531.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1988.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in No. SF075281Cl256, denying petitioner's motion for enforcement because the United States Marshals Service had complied with the board's earlier reinstatement order, is affirmed.
 
 OPINION
 
 2
 The board held that petitioner, Louis Brown, upon his reinstatement, was not entitled to retroactive promotion to GS-11, instead of his former grade of GS-9. While the record shows that many Deputy U.S. Marshals at the GS-9 grade were systematically promoted to GS-11 Criminal Investigators, there is no evidence to support Brown's contention that the GS-9 position had been "reclassified." The administrative judge found that it was "undisputed that the position formerly held by [Brown] still exists at the same grade and classification level." Brown has produced no evidence to the contrary.
 
 
 3
 Furthermore, there is no evidence to support Brown's argument that the promotions at issue were based solely on seniority. In fact, Brown's "exhibits," although not properly part of the administrative record, show just the opposite.
 
 
 4
 Even so, an employee may be reinstated at a higher grade if he can "clearly establish" that he would in fact have been promoted. Boese v. Department of the Air Force, 784 F.2d 388, 390 (Fed. Cir.1986). Although Brown was improperly removed, and thus entitled to reinstatement, he still received a 30-day suspension for his misconduct. Given his suspension, the administrative judge found that the likelihood of Brown's promotion was "remote" and we cannot disagree.
 
 
 5
 Accordingly, we affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 usc 7703(c).