852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence A. MORDEROSIAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Nos. 87-3562, 87-3563.
 United States Court of Appeals, Federal Circuit.
 June 1, 1988.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge and MICHEL, Circuit Judge.
 BISSELL, Circuit Judge.
 
 
 1
 This is a consolidated appeal by Lawrence D. Morderosian in which Morderosian petitions for review of two related cases before the Merit Systems Protection Board (Board). In appeal No. 87-3563, we vacate and remand the Board's decision upholding an Office of Personnel Management (OPM) determination that Morderosian was unsuitable for federal employment and barred for roughly a year and a half from competing for federal appointments. In appeal No. 87-3562, we affirm-in-part, and vacate and remand-in-part, the Board's decision upholding a subsequent OPM determination that Morderosian was unsuitable for federal employment and barred for three years from competing for federal appointments.
 
 APPEAL NO. 87-3563
 
 2
 In this appeal, Morderosian petitions for review of the Board's decision in Docket No. DC07318710185. There Morderosian filed with the Board an untimely appeal of a May 23, 1985 OPM debarment decision. Morderosian's appeal was late because OPM had failed to notify Morderosian of its decision. The Board, however, refused to waive the time limit for filing the appeal because it concluded that the validity of the debarment decision was a moot question. The Board so held because it found that the OPM never implemented the decision, and consequently, the decision never harmed Morderosian.
 
 
 3
 We do not accept that conclusion. The OPM relied on the information gathered in this initial debarment decision in making the subsequent debarment decision reviewed below. Morderosian's employment record, moreover, is permanently tainted by this decision. These harms are sufficient to create a "live" controversy between Morderosian and the OPM, and to avoid the objection of mootness.
 
 
 4
 The OPM's failure to notify Morderosian of its debarment decision violates the Due Process clause of the Fifth Amendment. U.S. Const. amend. V; see Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950). As such, the decision is void ab initio. We, therefore, vacate the Board's decision, and remand for the Board to direct the OPM to expunge this debarment decision.
 
 APPEAL NO. 87-3562
 
 5
 In this appeal, Morderosian seeks review of the Board's decision in Docket No. DC07318710040. The decision upheld the OPM's September 23, 1986 determination (1) finding that Morderosian intentionally falsified his personal qualification statement on Standard Form 171 (SF-171), (2) concluding that Morderosian was unsuitable for federal employment, and (3) barring Morderosian from competing for a federal appointment until September 23, 1989.
 
 
 6
 Having reviewed the record, we are convinced that substantial evidence supports the Board's conclusion that Morderosian intentionally falsified his SF-171. Moreover, we agree with the Board's finding that Morderosian's debarment promotes the efficiency of the service. To this extent, we affirm the Board's decision.
 
 
 7
 We do, however, have difficulties with the three-year length of the debarment. The OPM based this decision, in part, on the previous debarment, and on the reasons contained in it. Because this decision was based on reasons we have held to be void, the length of the debarment is suspect.
 
 
 8
 This case is similar to Boese v. Department of Air Force, 784 F.2d 388 (Fed.Cir.1986). There the Air Force removed an employee based on three charges of misconduct. Id. at 389. On appeal, the Board upheld only the least serious of the charges. Id. at 389-90. Subsequently, the Board mitigated the penalty to a ninety day suspension without pay. Id. at 390.
 
 
 9
 In this case, we have invalidated some of the grounds on which the OPM relied in setting a three-year debarment. Following Boese, the Board should now consider whether to mitigate the length of the debarment. We acknowledge that in her initial decision the administrative judge (AJ) sought to avoid being influenced by the first debarment decision by refusing to hear any evidence pertaining to it. We are, nevertheless, concerned that the AJ's decision on debarment length may have been tainted by the earlier debarment decision. Therefore, we vacate that portion of the decision, and remand for further proceedings, including a fresh consideration of whether to mitigate debarment length.
 
 COSTS
 
 10
 The OPM shall pay Morderosian's costs in both appeals.