923 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose R. GARCIA, Petitioner,
v.
DEPARTMENT OF LABOR, Respondent.
 No. 90-3370.
 United States Court of Appeals, Federal Circuit.
 Dec. 11, 1990.
 
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the April 23, 1990 Decision of the Merit Systems Protection Board (MSPB), Docket No. DA075289A0140, in which the MSPB reversed the September 1, 1989 Initial Decision of the Administrative Judge (AJ), thereby denying petitioner's motion for attorney fees and costs. We affirm.
 
 OPINION
 
 2
 In his March 29, 1989 Initial Decision on the merits of this case, the AJ sustained one of two charges of misconduct against petitioner. With respect to the sustained charge, respondent had alleged that petitioner, while employed as an Equal Opportunity Specialist, attempted to use his official position to secure employment for his daughter with a bank. The AJ characterized the sustained charge as "extremely serious," and stated further that
 
 
 3
 appellant's attempt to secure employment for his daughter by an entity he was investigating as part of his official responsibility clearly is incompatible with the effective and impartial discharge of his duties. Further, the appellant has not acknowledged his misconduct or expressed any remorse.
 
 
 4
 The AJ ordered that petitioner be suspended for 60 days, a penalty which represented a mitigation of the agency's originally imposed demotion and transfer.
 
 
 5
 Pursuant to 5 USC 7701(g),[1] the AJ subsequently granted petitioner's motion for attorney fees and costs, awarding petitioner approximately $22,760. The award was in the interest of justice, the AJ found, because petitioner was "substantially innocent" of the charges. See Allen v. United States Postal Service, 2 MSPR 420, 434 (1980) (circumstances which may be considered to reflect "the interest of justice" in attorney fee award determinations under 5 USC 7701(g) include those where the employee is substantially innocent of the charges brought by the agency). Citing Boese v. Department of the Air Force, 784 F.2d 388 (Fed.Cir.1986), the AJ determined that petitioner was "substantially" innocent of the charges against him because he was innocent of "the more important and greater part of the charges." See id. at 391. The AJ reasoned that although the sustained charge was a serious one, its gravity was substantially reduced in comparison to the unsustained charge.
 
 
 6
 On review of respondent's petition challenging the award of attorney fees and costs, the MSPB reversed the AJ. The MSPB found that petitioner was not "substantially innocent" of the charges against him, and was not entitled to fees on that (or any other) basis. The MSPB distinguished the instant case from Boese and Van Fossen v. Merit Systems Protection Board, 788 F.2d 748 (Fed.Cir.1986), wherein this court concluded that the respective petitioners were "substantially innocent" for purposes of awarding attorney fees, although some or all charges against the petitioners had been sustained. In contrast to the minor or technical violations involved in Boese and Van Fossen, the MSPB explained, the sustained charge in this case was "extremely serious," as found by the AJ himself, and was subject to the significant penalty of a 60-day suspension.
 
 
 7
 Petitioner now argues that in reaching its decision on attorney fees, the MSPB engaged in clear error by reweighing the evidence upon which the AJ's March 29, 1989 merits decision was based. The merits decision was not appealed, and thus became a final decision of the MSPB, which petitioner urges "should not have been disturbed on appeal." In support of his position, petitioner cites this court's decision in Yorkshire v. Merit Systems Protection Board, 746 F.2d 1454 (Fed.Cir.1984), in which we stated that "the decision on the fee motion is an addendum to the decision on the merits and not a reconsideration of the evidence in a new light." Id. at 1458.
 
 
 8
 We can not agree that the MSPB's reversal of the AJ on the issue of attorney fees involved an improper reweighing of the evidence. Rather, the MSPB expressly relied on the AJ's own findings that the sustained charge was "extremely serious," and that "appellant's attempt to secure employment for his daughter by an entity he was investigating as part of his official [job] responsibility clearly [was] incompatible with the effective and impartial discharge of his duties."
 
 
 9
 Moreover, this court gives great deference to MSPB determinations regarding attorney fees under 5 USC 7701(g)(1). Sterner v. Department of the Army, 711 F.2d 1563, 1568 (Fed.Cir.1983). Similarly, we have stated that the MSPB has "considerable discretion in determining when an award is warranted in the interest of justice." Wise v. Merit Systems Protection Board, 780 F.2d 997, 1000 (Fed.Cir.1985). We do not find the MSPB's April 23, 1990 decision arbitrary, capricious, contrary to the law, an abuse of discretion, or unsupported by substantial evidence, 5 USC 7703(c), and accordingly affirm.
 
 
 
 [1]
 Under 5 USC 7701(g), the Board or an AJ may require payment by an agency of reasonable attorney fees incurred by an employee who is the prevailing party, if the Board or AJ determines that payment by the agency is warranted in the interest of justice