## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THERESA M. DURAN,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DOCKET NUMBERS<br>DE-531D-16-0329-A-1<br>DE-531D-16-0470-A-1<br><br><br>DATE: March 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stephen Goldenzweig</u>, Esquire, Houston, Texas, for the appellant.

<u>Jennifer A. Weger</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The agency has filed a petition for review of the addendum initial decision, which awarded the appellant $201,989.40 in attorney fees and $8,946.40 in costs. For the reasons discussed below, we GRANT the agency's petition for review and AFFIRM the initial decision AS MODIFIED, decreasing the amount of the attorney fee award. Except as expressly MODIFIED by this Final Order, the initial decision is the Board's final decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On December 15, 2015, the appellant filed an appeal of her removal for medical inability to perform and raised affirmative defenses of disability discrimination (failure to accommodate), retaliation for prior equal employment opportunity (EEO) activity, and whistleblower reprisal. *Duran v. Department of Justice*, MSPB Docket No. DE-0752-16-0116-I-1/2. Subsequently, on June 2, 2016, the appellant filed an appeal of the denial of a within grade increase (WIGI) in 2013 (*Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-I-1/2) and on September 7, 2016, an appeal of a constructive denial of a WIGI in 2015 (*Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0470-I-1/2). In both WIGI appeals, she raised affirmative defenses of EEO and whistleblower reprisal. All three appeals were initially joined on September 16, 2016, for discovery and hearing, but joinder was terminated on July 24, 2017, prior to the issuance of the initial decisions in each case.

In MSPB Docket No. DE-531D-16-0329-I-2, the administrative judge reversed the agency's reconsideration decision denying the appellant a WIGI in 2013 and found that the agency's actions constituted reprisal for the appellant's protected EEO activity (filing EEO complaints and requesting reasonable accommodations).[2] In MSPB Docket No. DE-531D-16-0470-I-2, the administrative judge reversed the agency's constructive denial of the appellant's WIGI in 2015 but found that the appellant did not prove her affirmative defenses of EEO or whistleblower reprisal. The initial decisions became the Board's final decisions when neither party filed a petition for review. In MSPB Docket No. DE-0752-16-0116-I-2, the administrative judge affirmed the agency's removal and found that the appellant failed to prove any of her affirmative defenses. On review, the Board affirmed the initial decision, as modified, still

_____

[2] The administrative judge found that the appellant failed to prove her affirmative defense of whistleblower reprisal. *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-I-2, Appeal File, Tab 75 at 19-21.

sustaining the removal and finding that the appellant failed to prove her affirmative defenses.

On December 30, 2017, the appellant filed a motion for attorney fees and costs in connection with the Board's final orders reversing the agency's WIGI denials. *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0329-A-1, Attorney Fee File (0329 AFF), Tab 1; *Duran v. Department of Justice*, MSPB Docket No. DE-531D-16-0470-A-1, Attorney Fee File (0470 AFF), Tab 1. In her motion, she sought $315,353.52 in attorney fees and costs incurred by the two law firms that had represented her: the Law Offices of Eric L. Pines, PLLC (Pines Law Firm), and Kalijarvi, Chuzi, Newman, & Fitch, P.C. (KCNF). *Id.* The administrative judge issued an addendum initial decision awarding the appellant attorney fees and costs in the amount of $210,935.80. 0329/0470 AFF, Tab 21, Addendum Initial Decision (AID). In particular, she awarded $85,124.40 in attorney fees to KCNF and $116,865.00 in attorney fees to the Pines Law Firm. AID at 16. She further ordered the agency to pay costs in the amount of $898.72 to KCNF and $8,047.68 to the Pines Law Firm. *Id.*

The agency has filed a petition for review arguing that the fees awarded are excessive because the administrative judge failed to reduce the total amount to account for the appellant's limited success in prevailing in only two of her three appeals. Petition for Review (PFR) File, Tab 1. The appellant has filed a response in opposition to the petition for review, and the agency has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show the following: (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount

of attorney fees claimed is reasonable.[3]  *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015).  The agency has not challenged the appellant's prevailing party status, that she incurred attorney fees pursuant to an existing attorney-client relationship, or that an award of attorney fees is warranted.  Nor does the agency challenge the costs awarded.  Accordingly, we limit our review of the addendum initial decision to whether the fees awarded are reasonable.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court set forth a scheme for determining a reasonable fee award in a case when, as in this case, the prevailing party did not obtain all the relief requested.  The most useful starting point, the Court explained, is to take the hours reasonably spent on the litigation multiplied by a reasonable hourly rate.  *Id.* at 433; *see Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 (2011).  This is the "lodestar" that the Board uses in determining the fee award.  *Lizut v. Department of the Navy*, 42 M.S.P.R. 3, 7-8 (1989).  The initial calculation should exclude hours for which the prevailing party failed to provide adequate documentation and hours that were not reasonably expended.  *Hensley*, 461 U.S. at 433-34.

In the second phase of the analysis, the lodestar may be adjusted upward or downward based on other considerations, including the crucial factor of the "results obtained."  *Id.* at 434.  If the party seeking fees has achieved only "partial or limited success," an award based on the hours reasonably spent on the litigation as a whole times an hourly rate may be an excessive amount, even when

---

[3] Under 5 U.S.C. § 7701(g)(2), when the appellant is a prevailing party and the decision is based on a finding of discrimination prohibited under 5 U.S.C. § 2302(b)(1), attorney fees may be awarded in accordance with the standards prescribed under 42 U.S.C. § 2000e–5(k).  The provision at 42 U.S.C. § 2000e–5(k) states that the court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."  The Board has held that 5 U.S.C. § 7701(g)(2) is a broader standard than 5 U.S.C. § 7701(g)(1).  *See Chin v. Department of the Treasury*, 55 M.S.P.R. 84, 86 (1992).  Thus, because the appellant prevailed on her affirmative defense of reprisal, the administrative judge properly analyzed whether any fees or costs not recoverable pursuant to section 7701(g)(1) were recoverable pursuant to section 7701(g)(2).  AID at 14-15.

the claims were interrelated, nonfrivolous, and raised in good faith.  *Id.* at 436. In this scenario, the tribunal awarding fees has discretion to make an equitable judgment as to what reduction is appropriate.  *Id.* at 436-37.  It may adjust the lodestar downward by identifying specific hours that should be eliminated or, in the alternative, by reducing the overall award to account for the limited degree of success.  *Id.*; *Smit v. Department of the Treasury*, 61 M.S.P.R. 612, 619 (1994). The former method should be used in cases when it is practicable to segregate the hours devoted to related but unsuccessful claims.  *See Boese v. Department of the Air Force*, 784 F.2d 388, 391 (Fed. Cir. 1986); *Smit*, 61 M.S.P.R. at 619-20.

Here, the administrative judge found that the total fees sought by KCNF were reasonable.  AID at 9.  Regarding the Pines Law Firm, the administrative judge found that 26 hours were not reasonable because they were related to the appellant's removal appeal, not her WIGI appeals.  AID at 8.  She acknowledged that a total of 499.1 attorney hours was an inordinate amount of time for the appellant's counsel to spend on two WIGI appeals, but nonetheless she found such time reasonable in light of what she described as the agency's "scorched earth litigation tactics."  AID at 10.  In particular, she noted that the appellant's counsel had to respond to the agency's frivolous motions and contend with the agency's resistance to responding to basic discovery.  AID at 10.  Having determined which hours were reasonable, the administrative judge declined to adjust the lodestar, again citing the agency's actions as well as noting that the appellant prevailed on both WIGI appeals and there was a finding of a prohibited personnel practice in one WIGI appeal.  AID at 14.

We agree with the agency that the administrative judge's analysis did not fully acknowledge the appellant's lack of success on her removal appeal or appropriately eliminate the fees related to the appellant's unsuccessful removal appeal.  Rather, her analysis appears to have conflated the issues of whether the hours spent were reasonable and whether an adjustment to the lodestar was appropriate in light of the appellant's level of success.  AID at 8-14; *see Driscoll*,

116 M.S.P.R. 662, ¶ 10 (stating that a reduction of the lodestar to account for the party's success on only some of her claims for relief is distinct from a finding that hours devoted to unsuccessful claims or issues were not reasonably spent). Nonetheless, we decline to remand the case to the administrative judge. The record in this case is fully developed, and in the interest of the efficient use of judicial resources, we modify the addendum initial decision as set forth below.

<ins>We modify the addendum initial decision to disallow 30 hours for time spent by KCNF on the appellant's removal appeal.</ins>

As stated, the administrative judge determined that all of the fees sought by KCNF were reasonable and she declined to adjust the lodestar downward. AID at 9-10. The record reflects that the agency argued that KCNF's fees prior to June 1, 2016, should have been disallowed because the appellant's WIGI denial appeals were not filed until June 2, 2016. 0329/0470 AFF, Tab 7 at 5-6. Such fees were for work related to mediation, settlement, discovery, and responding to an affirmative defenses order in the removal appeal. 0329/0470 AFF, Tab 1 at 14-24. In response, the appellant argued that the discovery was prepared in connection with all three appeals and the affirmative defenses response was also being prepared with the WIGI issues in mind. 0329/0470 AFF, Tab 10 at 5. The appellant also submitted affidavits from a KCNF attorney indicating that, whenever possible, the bills submitted were adjusted to reflect only the time spent on work relevant to the 2013 and 2015 WIGI appeals. 0329/0470 AFF, Tab 14 at 13-14, Tab 17 at 9.

In allowing such fees, the administrative judge found that the appellant presented persuasive evidence that the issue of the WIGI denials was raised during the mediation process for which KCNF sought fees. AID at 9. However, she did not address the agency's argument that the remaining fees prior to June 1, 2016, should be excluded. We find that KCNF's fees from January 11 to 13, 2016 (excluding .3 hours for attorney RRR on January 13, 2016) related to discovery should have been disallowed. 0329/0470 AFF, Tab 1 at 17. Discovery

during this time could have related only to the removal appeal because the WIGI appeals had not yet been filed. As such, we disallow .3 hours for attorney RRR (at an hourly rate of $602) and 6.9 hours for attorney AAH (at an hourly rate of $334) for a total of $2,485.2.

Similarly, we disallow KCNF's fees from December 28, 2015, to January 5, 2016 (excluding .1 and .5 hours for fees related to settlement by attorney RRR on January 5, 2016). 0329/0470 AFF, Tab 1 at 15-16. The record reflects that such fees were related to researching, drafting, and filing a response to the administrative judge's December 21, 2015 affirmative defenses order in the removal appeal and participating in a status conference in the removal appeal. *Id.* We are not persuaded by the appellant's conclusory statement below that such work was related to the WIGI appeals. 0329/0470 AFF, Tab 10 at 5. The charges for drafting the response to the affirmative defenses order certainly relate solely to the removal appeal. Additionally, to the extent the appellant was asserting that research was done with the WIGI affirmative defenses in mind, the affirmative defenses raised in the removal appeal were based on different facts than those raised in the WIGI denials, which had not yet been filed. As such, we disallow 7 hours for attorney RRR (at an hourly rate of $602) and 15.8 hours for attorney ALK (at an hourly rate of $334) for a total of $9,491.20. Thus, the lodestar for KCNF is reduced to $66,992.40 ($78,968.80 - $11,976.40). Because the record reflects that KCNF's remaining charges were reduced to reflect only the portion of time spent on the WIGI appeals, we find that no further reduction of these charges is necessary. Accordingly, the addendum initial decision is modified and the appellant is awarded $73,148 ($66,992.40 + $6,155.60 in fees related to the fee petition) in attorney fees, plus $898.72 in costs, for a total award of **$74,046.72** to KCNF.

<u>We exercise our equitable discretion and impose a 15 percent reduction in the lodestar calculation for the Pines Law Firm based on the appellant's limited success.</u>

Regarding the Pines Law Firm, the administrative judge disallowed 26 hours that were clearly severable and related solely to the appellant's unsuccessful removal appeal. AID at 8. However, the remaining charges were taken in furtherance of all three actions, which were joined from September 16, 2016, to July 24, 2017. 0329/0470 AFF, Tab 1 at 67-82. Unlike KCNF, whose work largely occurred prior to the joinder of the cases, the record does not reflect that the bills submitted by the Pines Law Firm were reduced to reflect only the portion of time spent on the successful WIGI appeals. We find that it is not practicable to segregate from the remaining hours those hours related to the appellant's unsuccessful removal appeal. As a result, the lodestar figure fails to account for the appellant's limited success and a full award of attorney fees would be unreasonably high. Thus, the Board has discretion to make an equitable adjustment to the lodestar calculation. *See Bywaters v. United States*, 670 F.3d 1221, 1229 (Fed. Cir. 2012) (recognizing that the lodestar may be adjusted based on the results obtained when it is not taken into account in calculating the lodestar figure in the first instance); *see also Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶¶ 3, 21 (2012) (adjusting the lodestar calculation in an individual right of action appeal when an appellant only successfully challenged some of the personnel actions).

We find that a 15 percent reduction of the lodestar calculation is appropriate and that such a reduction sufficiently accounts for the fact that the appellant's removal was sustained and she failed to prevail on any of her affirmative defenses in that appeal. Therefore, we reduce the $103,005 lodestar for the Pines Law Firm by $15,450.75. Accordingly, the addendum initial decision is modified and the appellant is awarded $101,414.25 ($87,554.25 +

$13,860 in fees related to the fee petition) in attorney fees, plus $8,047.68 in costs, for a total award of **$109,461.93** to the Pines Law Firm.

## ORDER

We ORDER the agency to pay attorney fees in the amount of $74,046.72 to Kalijarvi, Chuzi, Newman & Fitch, P.C., and $109,461.93 to the Law Office of Eric Pines, PLLC. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorneys promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorneys to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorneys, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorneys that it has fully carried out the Board's Order, the appellant or the attorneys may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorneys believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorneys believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.